# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ISRAEL BERNAL,

        Plaintiff,

    v.                                                   Case No. 05-C-1327

AMERICAN MONEY CENTERS, INC.,

        Defendant.

---

## ORDER

This cause comes before the Court on the motion of Plaintiff for preliminary approval of a Class Action Settlement Agreement. The Defendant does not oppose the motion. The parties appeared through their respective attorneys of record. Pursuant to Fed. R. Civ. P. 23(e), the parties have submitted a proposed Settlement Agreement to the Court for preliminary approval. (Docket No. 73). The Plaintiff has requested approval of: (i) the form of notice to the class; and (ii) the terms of the proposed Settlement Agreement. Defendant does not oppose this request.

After consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court has made a preliminary determination that the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of possible approval.

The Court further finds that the efforts of Defendant to identify Class Members and obtain their last known addresses from its records and the parties' proposal to send each Class Member written notice by U.S. mail, with forwarding address requested, is calculated to provide the best notice practicable to all Class Members within the meaning of Fed. R. Civ. P. 23(c)(2) and (e).

The Court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, opt out, or object to the proposed settlement and its terms.

**IT IS, THEREFORE, ORDERED THAT:**

1.      The Court grants preliminary approval to the Settlement Agreement.

2.      The Court will hold a hearing, pursuant to Rule 23(c) and (e) at the time and place indicated below for the purpose of determining:  (i) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be approved; (ii) the amount of attorneys' fees and expenses that should be awarded to Class Counsel; and (iii) the award of an incentive payment to the Class Representative.

3.      The Fairness Hearing will be held on **Thursday, June 5, 2008, at 8:30 a.m.** before the Honorable J.P. Stadtmueller in the United States Courthouse, 517 East Wisconsin Avenue, Room 425, Milwaukee, Wisconsin 53202.

4.      Notice of the proposed settlement and the final approval hearing shall be given by Plaintiff, or his designated claim administrator, to the settlement class by mailing the Class Notice to members of the settlement class by U.S. mail,

first-class, with address correction requested, in accordance with the terms of the Settlement Agreement, which Notice shall be mailed no later than 30 days from entry of this Order.

5. A Class Member may opt out of the Class at any time prior to the expiration of seventy-five (75) days from the date of this Order. To opt out of the Class, a Class Member must complete and return to Class Counsel a request for exclusion, as described in the Class Notice, which request for exclusion shall be post-marked no later than **April 28, 2008**. Any member of the Class who opts out shall not be subject to the Settlement Agreement or any final judgment in this case and shall not participate in the class recovery. Class Counsel shall provide copies of all opt out notices to Defendant received 14 days from the end of the Opt Out Period.

6. To become entitled to a distribution from the Settlement, a class member must sign and complete the Claim Form attached to the Notice and return it to Class Counsel identified in Paragraph 4 above by mail within 75 days of the entry of this Order and must be post-marked no later than **April 28, 2008**.

7. Any member of the Class may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal with prejudice of the Class Action and the entry of a Final Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of final judgment, and no

papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless no later than 14 days before the Fairness Hearing, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the proposed settlement, the dismissal of claims and/or the entry of final judgment and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the following counsel:

Robert K. O'Reilly
John D. Blythin
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (FAX)
Class Counsel

William J. Katt
Mark D. Malloy
LEIB & KATT, S.C.
740 N. Plankinton Ave., Suite 600
Milwaukee, WI 53203
Fax: (414) 276-8819
Counsel for Defendant

8.    Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of letters that allegedly were not compliant with the FCRA unless the Class Member opts out. The preliminary injunction ordered in this paragraph shall cease to be effective and binding upon any Class Member acting solely in his

- 4 -

or her individual capacity upon the date of such Class Member opting out of the settlement as provided herein.

9. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning: (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge