# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

ISRAEL BERNAL,

        Plaintiff,

v.                                                        Case No. 05-CV-1327

AMERICAN MONEY CENTERS, INC.,

        Defendant.

## FINAL JUDGMENT

This Court having considered Plaintiff's Motion for Final Approval of the Settlement Agreement entered into as of January 30, 2008 on behalf of Plaintiff and the Class (as defined in the preliminary approval order) by Class Counsel and American Money Centers, Inc. ("Defendant") by its counsel, and the exhibits attached thereto; having considered all of the submissions and arguments; having directed that notice be given to members of the Class of the proposed settlement and of a hearing (the "Fairness Hearing") to determine whether the proposed settlement should be approved as fair reasonable, and adequate to the Class and to hear any objections to any of these matters; and having held the Fairness Hearing and considered the submissions and arguments made in connection therewith, the Court FINDS:

    1.    That the notice to members of the Class, including the form of notice and the means of identifying and giving notice to members of the Class, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with law and the requirements of due process.

    2.    Within ten days of filing the proposed settlement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3. That the Court held a Fairness Hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised that no objections were received to the proposed settlement.

4. That arm's length negotiations have taken place in good faith between Class Counsel and the Defendant and have resulted in the proposed settlement, as provided in the Settlement Agreement.

5. That certified class is defined as:

> "All persons with Wisconsin mailing addresses who the defendant, American Money Centers, Inc., sent or caused to be sent a mailing in the form of Exhibit A to the Declaration of Jason Altman on or after November 20, 2004."

The document identified as "Exhibit A to the Declaration of Jason Altman" is also attached to this Judgment as Exhibit A.

6. That the settlement, as provided by the Settlement Agreement, is in all respects fair, reasonable, and adequate and in the best interests of the Class; that the settlement is accordingly finally APPROVED, and that, in accordance with the terms of the Settlement Agreement, which are fully incorporated by reference as though fully set forth herein, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

    a. That all claims in the captioned case against the Defendant are hereby dismissed with prejudice;

    b. That the Defendant American Money Centers, Inc., and all of its principals, employees, successors, and insurance carriers, are hereby released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including without limitations costs, expenses, penalties and attorneys' fees, known or unknown, suspected or

-2-
Case 2:05-cv-01327-JPS   Filed 07/03/08   Page 2 of 5   Document 86

unsuspected, asserted or unasserted, in law or equity, which Releasors or any of them, whether directly, representatively, derivatively or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct to the date hereof concerning the Fair Credit Reporting Act, including, without limitation, any such claims which have been asserted or could have been asserted in the Class Action against the parties ("Released Claims").

c. That no member of the Class shall hereafter be permitted in any suit, action, or proceeding to dispute or seek to establish liability against the parties identified in the Released Claims with respect to the claims released.

d. That nothing in this Order and Judgment or the Settlement Agreement and no aspect of the settlement or the negotiations thereof is or shall be deemed or construed to be an admission or concession or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant or of the truth of any claims or allegations contained in the Complaint, or any other pleading, or of the propriety of certifying a class and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Class Action or in any other action or proceeding; and

e. That within fourteen (14) days after the Judgment Order becomes final, the Defendant will send Class Counsel a check accounting for all amounts approved by the Court, which Class Counsel shall hold in trust.

f. That within thirty-five (35) days after this Judgment Order becomes final and the time to appeal or request permission to appeal has expired, Class Counsel will send a check in a pro rata amount as determined under the Settlement Agreement representing the distribution to the Class described above to those persons entitled to a distribution under the terms of the Settlement

Agreement, and all claimants who tendered a proof of claim form received by Class Counsel before July 2, 2008.

      g.      That Class Counsel will make any additional payments required by the Settlement Agreement.

      h.      That there is no reason for delay of entry of a final judgment of dismissal with prejudice as to the Defendant and final judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b).

7.      The Court has considered Class Counsel's petition for an award of attorneys' fees and expenses. The Court hereby awards $140,250.00 in fees and $10,620.10 in costs and expenses to be paid from the Settlement Fund. The Court FINDS that such an award is fair and reasonable.

8.      The Court has considered the Plaintiff's request for an incentive award and all arguments and evidence with respect thereto. The Court recognizes that the Plaintiff will receive the same pro rata share of the distribution to the class and finds that an incentive award is appropriate. The Court hereby awards and incentive award to the Plaintiff in the amount of $5,000.00. The Court finds that such an award is fair and reasonable.

9.      Without affecting the finality of this Final Judgment, the Court hereby retains jurisdiction of this Settlement and the Settlement Agreement, including the administration and consummation of the Settlement and the determination of issues relating to expenses and distribution to the members of the Class, and further retains exclusive jurisdiction for purposes of any suit, action or proceeding arising our of or relating in any way to this Final Judgment, the Settlement, the Settlement Agreement and/or the applicability of the Settlement Agreement, and the Settling Defendants and each member of the Class shall hereby be deemed to have consented to such exclusive jurisdiction of the Court for such purposes. Without limiting the generality of the

foregoing, any dispute concerning the provisions of paragraphs 5(b) or (c) of this Final Judgment, including but not limited to any suit, action or proceeding in which the provisions of paragraph 5(b) or (c) are asserted as a defense in whole or in part to any claim or cause of action asserted by any plaintiff or otherwise raised as an objection, shall constitute a suit, or action or proceeding arising out of or relating to this Final Judgment. Solely for purposes of any such suit, action or proceeding, to the fullest extent possible under applicable law, the Defendant and the members of the Class are deemed to have irrevocably waived and to have agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or objection that they are not subject to the jurisdiction of this Court or that this Court is in any way an improper venue or an inconvenient forum.

10. Terms used in this Final Judgment that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Final Judgment as defined in the Settlement Agreement.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Judgment entered this 3rd day of July, 2008.

JON W. SANFILIPPO
Clerk of Court

By:   s/ Nancy A. Monzingo
      Deputy Clerk